UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Savanna Grove Coach Homeowners'                          File No. 19-cv-1513 (ECT/TNL)
Association,

           Plaintiff/Counter Defendant,

v.                                                                                    **OPINION AND ORDER**

Auto-Owners Insurance Company,

           Defendant/Counter Claimant.

Adina R. Bergstrom, Brenda M. Sauro, and Kayla M. Cottier, Sauro & Bergstrom, PLLC, Oakdale, MN, for Plaintiff/Counter Defendant Savanna Grove Coach Homeowners' Association.

Bradley J. Ayers, Eric G. Nasstrom, and Nathaniel R. Greene, Morrison Sund PLLC, Minnetonka, MN, for Defendant/Counter Claimant Auto-Owners Insurance Company.

Plaintiff Savanna Grove Coach Homeowners' Association, the corporate representative of a townhome community in Blaine, Minnesota, that suffered significant property damage in a June 2017 storm, brought this case against its insurer, Defendant Auto-Owners Insurance Company, to recover policy benefits it claims Auto-Owners must pay for the storm damage and additional amounts. Before this case was filed, the Parties participated in an appraisal process to resolve their disagreement over the replacement-cost value of Savanna Grove's storm-damage claim. That process, authorized by Minnesota law and the policy, yielded an appraisal award in Savanna Grove's favor of $2,614,624.35.

Before Savanna Grove filed this lawsuit, $916,809.83 of the appraisal award remained unpaid.

Now, following the granting of partial summary judgment awarding it the unpaid amount of the appraisal award and pre-award, post-award, and post-judgment interest on that amount, *Savanna Grove Coach Homeowners' Ass'n v. Auto-Owners Ins. Co.*, No. 19-cv-1513 (ECT/TNL), 2020 WL 468905 (D. Minn. Jan. 29, 2020),[1] Savanna Grove seeks attorneys' fees, costs, and disbursements incurred in obtaining summary judgment on these amounts.  ECF No. 65; *see also* Mem. in Supp. at 4 [ECF No. 67] (describing fees sought as "related solely to the post-appraisal proceedings necessary to enforce [its] right to payment of the appraisal award").  Savanna Grove seeks $47,912.50 in attorneys' fees under the Minnesota Uniform Arbitration Act's fee-shifting provision, Minn. Stat. § 572B.25, and $2,194.11 in costs and disbursements under Minnesota statutes allowing them to prevailing parties, Minn. Stat. §§ 549.02 and 549.04.  ECF No. 65; Mem. in Supp. at 4.  Savanna Grove's motion for attorneys' fees will be denied because a Minnesota Supreme Court decision issued after Savanna Grove filed its motion, *Oliver v. State Farm Fire & Cas. Ins. Co.*, 939 N.W.2d 749 (Minn. 2020), establishes that attorneys' fees are not available here under the Minnesota Uniform Arbitration Act.  This denial will be without prejudice to Savanna Grove's right to seek attorneys' fees under different

---

[1]    The grant of summary judgment on these aspects of Savanna Grove's claims was "partial" because Savanna Grove moved for, and was granted, leave to amend its complaint to assert a claim under Minn. Stat. § 604.18, *see* ECF Nos. 27 (motion), 71 (order granting motion), and 72 (amended complaint), and this claim remains to be adjudicated.  Savanna Grove's motion for attorneys' fees under Minn. Stat. § 572B.25 thus represents something like a request for an interim fee award.

authority or authorities at the conclusion of this case.  Savanna Grove's motion for costs and disbursements will be denied without prejudice to Savanna Grove's right to seek costs and disbursements on entry of a final judgment.

"State law governs the availability of attorney fees in diversity cases where no conflicting federal statute or court rule applies."  *Ryan Data Exch., Ltd. v. Graco, Inc.*, 913 F.3d 726, 735 (8th Cir. 2019) (quoting *Burlington N. R.R. Co. v. Farmers Union Oil Co. of Rolla*, 207 F.3d 526, 534 (8th Cir. 2000)).  Because the Court's role in this diversity action is to interpret the state law of Minnesota, it is bound by the decisions of the Minnesota Supreme Court.  *Minnesota Supply Co. v. Raymond Corp.*, 472 F.3d 524, 534 (8th Cir. 2006).  "When a state's highest court has not decided an issue, it is up to this court to predict how the state's highest court would resolve that issue."  *Cont'l Cas. Co. v. Advance Terrazzo & Tile Co.*, 462 F.3d 1002, 1007 (8th Cir. 2006).  When the decisions of a state's intermediate appellate court present "the best evidence of what state law is," those decisions constitute persuasive authority that this Court will follow.  *Minnesota Supply Co.*, 472 F.3d at 534 (citing *Cont'l Cas. Co.*, 462 F.3d at 1007).  Here, Savanna Grove seeks attorneys' fees under § 572B.25 of the Minnesota Uniform Arbitration Act, which provides: "On application of a prevailing party to a contested judicial proceeding under section 572B.22,[2] . . . the court may add to a judgment confirming . . . an award,

---

[2]      Minn. Stat. § 572B.22 provides: "After a party to the arbitration proceeding receives notice of an award, the party may file a motion with the court for an order confirming the award, at which time the court shall issue such an order unless the award is modified or corrected pursuant to section 572B.20 or 572B.24 or is vacated pursuant to section 572B.23."

attorney fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made." Minn. Stat. § 572B.25(c). After Savanna Grove filed this motion and Auto-Owners responded, the Minnesota Supreme Court issued *Oliver*, and the Parties requested, and were granted, the opportunity to submit supplemental briefing to address *Oliver*'s impact on Savanna Grove's motion.

In *Oliver*, the insureds sustained fire damage to their home. 939 N.W.2d at 750. Unable to agree with their insurer on the amount of the loss, the insureds requested an appraisal, an appraisal panel issued an award, and the insurer paid the award. *Id.* More than eighteen months later, the insureds moved to confirm the appraisal award under the Minnesota Uniform Arbitration Act and for pre-award interest. *Id.* The district court confirmed the appraisal award but denied the motion for pre-award interest as untimely under the Act, construing the motion for pre-award interest as a motion to modify the award under Minn. Stat. § 572B.24, which has a 90-day limitation period. *Id.* The Minnesota Court of Appeals reversed and remanded, holding that, although appraisal awards are subject to the Minnesota Uniform Arbitration Act, motions for pre-award interest are not requests to modify an award and are not subject to the 90-day limitation period, in part because appraisal panels do not have authority to grant pre-award interest. *See Oliver v. State Farm Fire & Cas. Ins. Co.*, 923 N.W.2d 680, 687–88 (Minn. Ct. App. 2019). The Minnesota Supreme Court granted review as to whether Minn. Stat. § 572B.24 "applies to an insured's right to obtain preaward interest" and "whether an appraisal panel has authority to issue preaward interest." 939 N.W.2d at 750. Before reaching those issues, the court addressed a threshold question of whether an appraisal under the Minnesota

Standard Fire Insurance Policy, Minn. Stat. § 65A.01, is an "agreement to arbitrate" under Minn. Stat. § 572B.03 and therefore governed by the Minnesota Uniform Arbitration Act. *Id.* at 751. The court held that "the appraisal process under the Minnesota Standard Fire Insurance Policy is not an 'agreement to arbitrate' under section 572B.03 of the Minnesota Uniform Arbitration Act." *Id.* at 753.

The Parties dispute whether *Oliver* precludes Savanna Grove from seeking attorneys' fees under § 572B.25. Savanna Grove advances a narrow reading of *Oliver*, arguing that the decision applies only to fire insurance appraisals conducted pursuant to Minn. Stat. § 65A.01 and does not extend to hail insurance appraisals, like the one in this case, conducted pursuant to Minn. Stat. § 65A.26. Pl. Suppl. Mem. at 1–3 [ECF No. 88]. Auto-Owners says *Oliver* must be construed more broadly to hold that the Minnesota Uniform Arbitration Act categorically does not apply to appraisal awards. Def. Suppl. Mem. at 1–3 [ECF No. 89]. Auto-Owners points to similarities between the fire insurance and hail insurance statutes and contends "it would defy logic for the Minnesota Supreme Court to hold that Section 65A.26 was governed by the [Act] but Section 65A.01, subd. 3 was not." *Id.* at 2.

The better interpretation of *Oliver* is that its holding applies, not merely to appraisals conducted under the Minnesota Standard Fire Insurance Policy, Minn. Stat. § 65A.01, but also to appraisals conducted under similar insurance statutes prescribing like appraisal processes for resolving disputes over the amount of a loss. It is true that the Minnesota Supreme Court described its holding in a way that suggests it might be limited to fire-loss appraisals. Specifically, it wrote:

5

> Based on our analysis, our interpretation of the Minnesota Uniform Arbitration Act, and our precedent limiting the authority of appraisal panels and distinguishing arbitration from appraisal, we hold that the appraisal process under the Minnesota Standard Fire Insurance Policy is not an "agreement to arbitrate" under section 572B.03 of the Minnesota Uniform Arbitration Act.

*Oliver*, 939 N.W.2d at 753. But everything else about *Oliver* suggests its holding applies to similar non-fire appraisal processes, also.

*First*, the Minnesota Supreme Court explained that its "decisions have recognized a distinction between arbitration and appraisal" generally (not just in fire-insurance cases), citing as one example fundamental differences between the "'extremely narrow'" scope of review applied to decisions of arbitration panels versus the "more limited" authority of an appraisal panel. *Id.* at 752. The Minnesota Supreme Court relied also on "dictionary definitions of the terms 'arbitration' and 'appraisal,' [to] illustrate their differences." *Id.* at 753. Again, these distinctions result from comparing arbitration with appraisal processes generally, not arbitration with only a fire-insurance appraisal process.

*Second*, the court cited three exemplary cases from "other states that have adopted a form of the Uniform Arbitration Code" in which those states' courts held that an appraisal process is not arbitration subject to the Act. Two of the three cited cases involved non-fire losses. *Allstate Ins. Co. v. Suarez*, 833 So. 2d 762 (Fla. 2002) (involving damage caused "by the force of Hurricane Andrew"); *Minot Town & Country v. Fireman's Fund Ins. Co.*, 587 N.W.2d 189, 190 (N.D. 1998) (involving damage caused by hail storm). The Minnesota Supreme Court's citation to these non-fire cases adds support for the understanding that *Oliver*'s rule is not limited to fire appraisal processes.

*Third*, the court acknowledged—and is best understood to have rejected—a line of Minnesota Court of Appeals cases holding that the Uniform Arbitration Act governs appraisal awards without distinguishing between the fire or non-fire nature of the appraisal. *Oliver*, 939 N.W.2d at 752 (discussing *David A. Brooks Enterprises, Inc. v. First Sys. Agencies*, 370 N.W.2d 434 (Minn. Ct. App. 1985), "and its progeny"). Indeed, the Eighth Circuit and courts in this District have adhered to this line of Court of Appeals authority as "the best evidence available" in the absence of controlling Minnesota Supreme Court authority establishing that appraisal awards are reviewed under the Minnesota Uniform Arbitration Act. *Creekview of Hugo Ass'n, Inc. v. Owners Ins. Co.*, 386 F. Supp. 3d 1059, 1066 (D. Minn. 2019); *see also Herll v. Auto-Owners Ins. Co.*, 879 F.3d 293, 295 (8th Cir. 2018); *Clover Leaf Farm Condo. v. Country Mut. Ins. Co.*, No. 18-cv-2838 (DWF/BRT), 2019 WL 1025251, at *4 (D. Minn. Mar. 4, 2019); *Hous. & Redevelopment Auth. of Redwood Falls v. Hous. Auth. Prop. Ins.*, No. 14-cv-4741 (PAM/HB), 2015 WL 4255858, at *2 (D. Minn. July 14, 2015), *rev'd on other grounds*, 864 F.3d 986 (8th Cir. 2017). *Oliver* is best understood as upending this line of authority.

*Fourth*, there is no material difference between the appraisal statute addressed in *Oliver*, Minn. Stat. § 65A.01, and the appraisal statute at issue here, Minn. Stat. § 65A.26. Both statutes describe the same appraisal-triggering event: the insured and insurer's failure to agree on the amount of the loss. Minn. Stat. § 65A.01, subd. 3 ("In case the insured and this company . . . shall fail to agree as to the actual cash value or the amount of loss . . ."); Minn. Stat. § 65A.26 ("In case of loss under this policy, and failure of the parties to agree as to the amount of the loss . . ."). The statutes describe the same process for demanding

an appraisal: a "written demand of either" the insured or the insurer. Minn. Stat. § 65A.01, subd. 3 ("on the written demand of either"); Minn. Stat. § 65A.26 ("on written demand of either party"). The statutes establish nearly equivalent processes for constituting appraisal panels. Minn. Stat. § 65A.01, subd. 3 (requiring each party to "select a competent and disinterested appraiser and notify the other of the appraiser selected within 20 days of such demand," authorizing court action if a party "fails to select an appraiser within the time provided," and requiring the appraisers or, if they fail, then a court, to "select a competent and disinterested umpire"); Minn. Stat. § 65A.26 (requiring that "the company and the insured each shall select a competent appraiser and notify the other of the appraiser selected within ten days of the demand," and providing that "[t]he appraisers shall first select a competent and disinterested umpire; and, failing for ten days to agree upon the umpire, then, on request of either appraiser, the umpire shall be selected by a judge of a court of record in the state in which the property covered is located"). Finally, for all practical purposes, both statutes describe equivalent appraisal processes. Minn. Stat § 65A.01, subd. 3 ("The appraisers shall then appraise the loss, stating separately actual value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this company shall determine the amount of actual value and loss."); Minn. Stat. § 65A.26 ("The appraisers and the umpire shall then appraise the loss. A written award of any two of these persons determines the amount of loss."). The bottom line is that the statute at issue here, § 65A.26, does not establish a process that resembles arbitration, and that seems to have been the most important factor in the Minnesota Supreme Court's analysis in *Oliver*. Or, to put it another

way, *Oliver* reasonably may be understood to leave open the possibility that an appraisal may be governed by the Minnesota Uniform Arbitration Act if the process yielding the appraisal resembles arbitration, but that's not the case here.[3]

Savanna Grove also seeks $2,194.11 in costs and disbursements under Minnesota statutes allowing them to prevailing parties, Minn. Stat. §§ 549.02 and 549.04.  ECF No. 65; Mem. in Supp. at 4.  Savanna Grove has provided sufficient documentation to support its claimed costs and expenses, and Auto-Owners does not raise any additional challenge to this request.  But as a practical matter, it makes little sense to award Savanna Grove this amount at this time.  The case is months away from a conclusion in this court, and odds are that Savanna Grove will seek additional costs and disbursements incurred in prosecuting the rest of this case.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Plaintiff's Renewed Motion for Attorneys' Fees, Costs, and Expenses [ECF No. 65] is **DENIED**.  The denial of the motion for attorneys' fees is without prejudice to Savanna Grove's right to seek attorneys' fees under different authority or authorities than Minn. Stat. § 572B.25 at the conclusion of this case, and the denial of

---

[3]     Savanna Grove argues that *Oliver* "should not be applied retroactively" to its claims in this case.  Pl. Suppl. Mem. at 3–4.  This argument will be rejected.  Applying *Oliver* here yields no "substantial inequitable results."  *Kmart Corp v. Cty. of Stearns*, 710 N.W.2d 761, 768 (Minn. 2006) (cleaned up); *see also Hous. and Redevelopment Auth.*, 864 F.3d at 988.

the motion for costs and disbursements is denied without prejudice to its renewal at the

conclusion of the case.


Dated:  June 19, 2020                          s/ Eric C. Tostrud
                                               Eric C. Tostrud
                                               United States District Court